UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID ANDREW COOK | Criminal No: 4:24-cr-68<br><br>**GLOBAL PLEA AGREEMENT** |

### General Provisions

This PLEA AGREEMENT is made this 31st day of JANUARY, 2024, between the United States of America, as represented by United States Attorney Adair F. Boroughs, Assistant United States Attorneys Lauren Hummel and Everett McMillian, and U.S. Department of Justice Civil Rights Division Trial Attorney Tenette Smith; the State of South Carolina, as represented by Heather S. Weiss, Senior Assistant Deputy Attorney General; and the Defendant, David Andrew Cook, and Defendant's attorney, Paul Cannarella.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1. The Defendant agrees to plead guilty to Count 1 of the Indictment now pending, which charges "Deprivation of Constitutional Rights Under Color of Law," occurring on or about May 3, 2020, in the District of South Carolina, a violation of Title 18, U.S.C., § 242.

1

In order to sustain its burden of proof, the Government[1] is required to prove that the Defendant:

    A. Acted under color of law;

    B. While in the District of South Carolina deprived the victim (J.J.) of a right secured or protected by the Constitution or laws of the United States; and

    C. Acted willfully; and that

    D. Bodily injury resulted from the act committed and/or the act included the use of a dangerous weapon.

The penalty for this offense (bodily injury resulted and/or involved the use of a dangerous weapon) is:

    Maximum sentence of imprisonment of 10 years and/or a fine of $250,000, a term of supervised release of up to 3 years, plus a special assessment fee of $100.

2. The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due and payable immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 U.S.C. § 3613. In the event the Court imposes a schedule for payment

---

[1] "The Government" refers to the United States Government when used herein, as opposed to the State of South Carolina which is referred to as "the State."

of restitution, the Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the Government from seeking to enforce the judgment against other assets of the Defendant at any time, as provided in 18 U.S.C. §§ 3612, 3613 and 3664(m), and 2259(b)(2).

3. The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Repayment Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

    A. Special Assessment: Pursuant to 18 U.S.C. § 3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he is convicted. This special assessment must be paid at or before the time of the guilty plea hearing, or during participation in the Bureau of Prisons Inmate Financial Repayment Program if this plea results in incarceration.

    B. Restitution: The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the Court at the time of sentencing, which amount is not limited to the count(s) to which the Defendant pled guilty, but

3

will include restitution to each and every identifiable victim who may have been harmed by his scheme or pattern of criminal activity, pursuant to 18 U.S.C. §§ 2259, 3663, 3663A, and 3664. The Defendant agrees to cooperate fully with the Government in identifying all victims. Upon demand, the Defendant shall submit a personal financial statement under oath and submit to interviews by the Government and the U.S. Probation Office regarding the Defendant's capacity to satisfy any fines or restitution. The Defendant expressly authorizes the U.S. Attorney's Office to immediately obtain a credit report on the Defendant in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. The Defendant understands that the Defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

C. Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

4. The Defendant understands that the obligations of the United States and the State of South Carolina within the Plea

Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case. If the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the United States and/or the State of South Carolina will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offense(s) enumerated herein.

### Cooperation and Forfeiture

5. The Defendant agrees to be fully truthful and forthright with federal, state and local law enforcement agencies by providing full, complete and truthful information about all criminal activities about which he has knowledge. The Defendant must provide full, complete and truthful debriefings about these unlawful activities and must fully disclose and provide truthful information to the Government including any books, papers, or documents or any other items of evidentiary value to the investigation. The Defendant must also testify fully and truthfully before any grand juries and at any trials or other proceedings if called upon to do so by the Government, subject to prosecution for perjury for not testifying truthfully. The failure of the Defendant to be fully truthful and forthright at any stage will, at the

sole election of the Government, cause the obligations of the Government within this Agreement to become null and void. Further, it is expressly agreed that if the obligations of the Government within this Agreement become null and void due to the lack of truthfulness on the part of the Defendant, the Defendant understands that:

    A.    the Defendant will not be permitted to withdraw his plea of guilty to the offenses described above;

    B.    all additional charges known to the Government may be filed in the appropriate district;

    C.    the Government will argue for a maximum sentence for the offense to which the Defendant has pleaded guilty; and

    D.    the Government will use any and all information and testimony provided by the Defendant pursuant to this Agreement, or any prior proffer agreements, in the prosecution of the Defendant of all charges.

6. The Defendant agrees to submit to such polygraph examinations as may be requested by the Government and agrees that any such examinations shall be performed by a polygraph examiner selected by the Government. Defendant further agrees that his refusal to take or his failure to pass any such polygraph examination to the Government's satisfaction will result, at

the Government's sole discretion, in the obligations of the Government within the Agreement becoming null and void.

7. The Government agrees that any self-incriminating information provided by the Defendant as a result of the cooperation required by the terms of this Agreement, although available to the Court, will not be used against the Defendant in determining the Defendant's applicable guideline range for sentencing pursuant to the United States Sentencing Commission Guidelines. The provisions of this paragraph shall not be applied to restrict any such information:

   A. known to the Government prior to the date of this Agreement;

   B. concerning the existence of prior convictions and sentences;

   C. in a prosecution for perjury or giving a false statement; or

   D. in the event the Defendant breaches any of the terms of the Plea Agreement; or

   E. used to rebut any evidence or arguments offered by or on behalf of the Defendant (including arguments made or issues raised *sua sponte* by the District Court) at any stage of the criminal prosecution (including bail, trial, and sentencing).

8. Provided the Defendant cooperates pursuant to the provisions of this Plea Agreement, and that cooperation is deemed by the Government as providing substantial assistance in the investigation or prosecution of another person, the Government agrees to move the Court for a downward departure pursuant to United States Sentencing Commission Guidelines §5K1.1, and 18, U.S.C., § 3553(e). Any such motion by the Government is not binding upon the Court, and should the Court deny the motion, the Defendant will have no right to withdraw his plea.

### Merger and Other Provisions

9. The State of South Carolina agrees to dismiss, within five days of the acceptance of this guilty plea, the charges pending in *State v. Cook,* Case Nos. 2021-GS-34-0598 and 2021-GS-34-0599, subject to reindictment if, for any reason caused by the Defendant, the agreement is not fulfilled. It further agrees not to file any additional charges against the Defendant arising out of the facts forming the basis for the crime charged in this Information. The Defendant agrees that a representative of the State may address the Court at sentencing in this case.

10. Waiver of Rights under Fed. R. Evid. 410(a) and Fed. R. Crim. P. 11(f): The Defendant, upon signing this plea agreement, knowingly, voluntarily, and expressly waives his rights

8

pursuant to Rule 410(a) of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure. The Defendant understands and agrees that in the event that he violates the plea agreement, withdraws his decision to plead guilty, or causes his guilty plea to be later withdrawn or otherwise set aside, any statements he made to law enforcement or to an attorney for the prosecuting authority during plea discussions, and any statements he made during any court proceeding involving his plea of guilty (including any factual bases or summaries), shall be admissible for all purposes against the Defendant in any and all future criminal proceedings. The Defendant waives all claims under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the Defendant's statements pursuant to this Plea Agreement, or any leads derived from such statements, should be suppressed or are inadmissible.

11. The Defendant hereby agrees and stipulates that as to the violation stated in Count 1, the offense involved the use of a "dangerous weapon" and "resulted in bodily injury" to the victim as those terms are defined and used in Title 18 of the United States Code and relevant case law.

9

12. If the Defendant complies with all the terms of this Agreement, both parties agree that the appropriate disposition of this case (irrespective of any fines and/or forfeitures) is a sentence not to exceed 24 months, followed by the appropriate statutory term of supervised release. In the event that the Defendant complies with all terms of this Agreement and the Court declines to impose this sentence, either party will have the right to withdraw this Federal Rule of Criminal Procedure 11(C)(1)(c) plea. If the Defendant does not comply with all the terms of this Agreement, the United States may seek the maximum sentence allowed by law and the Defendant will not be allowed to withdraw his plea.

13. The Defendant represents to the Court that he has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorney have discussed possible defenses, if any, to the charges in the Indictment including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's

10

behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the Government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

14. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect the Defendant's sentence. This Agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

15. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

16. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

[SIGNATURE PAGE FOLLOWS]

1/28/24
Date

_David Andrew Cook (signature)_
**DAVID ANDREW COOK**
**DEFENDANT**

1/28/24
Date

_Paul Cannarella (signature)_
PAUL CANNARELLA
ATTORNEY FOR THE DEFENDANT


**ADAIR F. BOROUGHS**
**UNITED STATES ATTORNEY**

1/29/24
Date

_signature_
BY: LAUREN L. HUMMEL
EVERETT E. MCMILLIAN
ASSISTANT UNITED STATES ATTORNEYS

1/29/24 EM
Date

_signature_
TENETTE SMITH
TRIAL ATTORNEY
U.S. DEPARTMENT OF JUSTICE
CIVIL RIGHTS DIVISION


**STATE OF SOUTH CAROLINA**

1/30/24
Date

_Heather S. Weiss (signature)_
BY: HEATHER S. WEISS
SENIOR ASSISTANT DEPUTY ATTORNEY GENERAL
SOUTH CAROLINA ATTORNEY GENERAL'S OFFICE

13